**LOCAL LODGE NO. 1417, INTERNA-TIONAL ASSOCIATION OF MACHIN-ISTS, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 15175.**

United States Court of Appeals District of Columbia Circuit.

Argued April 26, 1961.

Decided May 18, 1961.

Mr. Bernard Dunau, Washington, D. C., with whom Mr. Plato E. Papps, Washington, D. C., was on the brief, for petitioner.

Mr. Frederick U. Reel, Atty., N. L. R. B., with whom Mr. Stuart Rothman, Gen. Counsel, Mr. Dominick L. Manoli, Associate Gen. Counsel, and Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, were on the brief, for National Labor Relations Board.

Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This case presents a petition by a union to review and set aside an order of the National Labor Relations Board and a motion by the Board for a decree of enforcement of its order. After an initial argument here we remanded for further findings and conclusions upon certain stated subjects. The Board, having invited further briefs, made additional findings and answers to the questions posed and issued a supplemental decision.

The Electric Auto-Lite Company acquired a plant in January, 1946, and about three months thereafter recognized our petitioner Union as the bargaining representative of its employees in a unit which was composed of machinists, maintenance men, and electricians. The bargaining agreement then executed contained, *inter alia,* a provision that:

"(a) Employees accepting positions as foremen, or men assigned to special duties outside the scope of this agreement shall retain their seniority where they last held seniority rights, except employees eliminated from the service for cause."

In 1952 a new agreement was executed, and it contained, in lieu of the foregoing, the following:

"(10) (a) Any employee who has been or who is hereafter promoted to the position of Foreman, Assistant Foreman or Timekeeper and whom the Company deems necessary to demote, shall retain and accumulate his departmental seniority but not job security, providing he applied for a withdrawal card from the Union at the time he was promoted."

The plant closed finally and completely in July, 1958, and thus some points originally in the dispute are not now of interest. One point, however, remains for disposition.

In 1946 one Cecil Frazier was an employee in the bargaining unit. In 1947 he was transferred from the unit and made a timekeeper. He worked as a timekeeper until February, 1958, when his job was abolished. The question then arose as to whether he could return to the unit and work as a machinist, "bumping" (i. e., replacing) an employee already in the unit. The answer depends upon Frazier's seniority under the contract.

Obviously Frazier retained throughout the period of his employment as a timekeeper the seniority he had acquired while in the unit, which was about a year, and we may assume that he accumulated seniority in the unit after the 1952 contract was executed.[1] The question is whether, by virtue of that contract, he accumulated seniority in the unit for the entire time he was a timekeeper and not in the bargaining unit. It seems to be agreed that all the remaining members of the unit (which had been reduced from 22 to 8) had more seniority than Frazier had, unless his right to accumulate applied to the period 1947–1952. In other words, if Frazier could accumulate five years' seniority in the machinists' unit from 1947 to 1952 while he was a timekeeper, he could "bump" an employee in the unit, i. e., take his job. Without this accumulation he could not return to the unit, because there was no vacancy there.

The answer depends upon whether the term "shall * * * accumulate" in the 1952 contract was retroactive. The prior agreement did not contain an "accumulate" clause. It seems clear enough that to "retain" seniority and to "retain and accumulate" seniority are two different provisions. Each means what it says.

If the "accumulate" provision were retroactive, employees who had been members of the Union throughout the years, and had remained in the unit, could be replaced by employees who, like Frazier, had not been members but had withdrawn from the unit and had become supervisors, foremen, timekeepers, etc. Frazier, for example, had dropped his Union membership in July, 1947. It seems to us that Union agreement to such a drastic rearrangement of the rights of its members would be evidenced by clear language or proof of some sort. No evidence of such an intention appears in this record. We do not know which party originally proposed the "accumulate" clause and so are without whatever light that fact might cast on the problem. The word used in the contract—"shall"—ordinarily means beginning as of the date of the contract. We are not impressed with the contention that the conduct of the parties shows they understood "accumulate" to be retroactive. The interpretation placed upon the actions of the parties is unrealistic.

■ We are of opinion that the 1952 agreement that employees promoted for a time to positions as timekeepers, etc., should accumulate departmental seniority while absent from the unit was not retroactive. In this respect we disagree with the Board.

■ The Board held that, even if it be in error on the foregoing point, i. e., if Frazier lacked the seniority necessary to reinstate him as a member of the unit in the place of another member, it (the Board) could order the Union to compensate him for the lost period of employment. The premise for this conclusion was that the withdrawal card provision in the 1952 contract, quoted supra, was illegal and that with its illegality the whole seniority system fell. The illegal-

---

1. Whether Frazier actually did accumulate unit seniority after the 1952 contract depends upon the validity of the "withdrawal card" provision of that con-tract and his compliance vel non with that provision. Under our disposition of the case we do not reach these issues.

ity was said to arise because the clause discriminated in favor of Union members and so illegally encouraged membership in the Union. Without intimating a view on the validity of this clause, we are of clear opinion that its invalidity would not destroy the whole seniority arrangement but would affect only the retention and accumulation of seniority during a period of promotion outside the bargaining unit. Since the premise falls, the conclusion falls.

In view of the foregoing we find it unnecessary to discuss other points.

The order of the Board is reversed, and its petition for enforcement is denied.

So ordered.

WILBUR K. MILLER, Chief Judge, dissents.